**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRISTOPHER GRINDLING,

Plaintiff - Appellant,

v.

TODD THOMAS, Warden at SCC; et al.,

Defendants - Appellees.

No. 10-16456

D.C. No. 2:09-cv-01685-FJM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted August 2, 2011[**]

Before:    RYMER, IKUTA, and N.R. SMITH, Circuit Judges.

Christopher Grindling, a Hawaii state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

violations of his right to religious freedom and retaliation for filing grievances.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Wyatt v.*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003) (dismissal for failure to exhaust administrative remedies); *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001) (summary judgment). We affirm.

The district court properly dismissed the religious freedom claims without prejudice because Grindling failed to exhaust administrative remedies or demonstrate that he was prevented from doing so. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) ("proper exhaustion" is mandatory and requires adherence to administrative procedural rules).

The district court properly granted summary judgment on the retaliation claim because Grindling failed to raise a genuine dispute of material fact as to whether his placement in disciplinary segregation failed to advance a legitimate penological goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a First Amendment retaliation claim); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995) (courts should afford appropriate deference and flexibility to prison officials when evaluating proffered legitimate penological reasons for alleged retaliatory conduct).

We do not consider contentions raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Grindling's remaining contentions are unpersuasive.

We deny Grindling's "Motion to Correct Obvious Error," filed on January 10, 2011, and "Motion to Reconsider," filed on May 23, 2011.

To the extent that Grindling's notice, filed on May 2, 2011, seeks the appointment of counsel and injunctive relief, we deny the request. Grindling may file a separate lawsuit to address any ongoing issues regarding the conditions of his confinement.

**AFFIRMED.**

10-16456